
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50344 |
| Plaintiff-Appellee, | D.C. No. 3:12-cr-00768-LAB-1 |
| v. | |
| DOE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted September 1, 2016
Pasadena, California

Before: TASHIMA, WARDLAW, and BYBEE, Circuit Judges.

Doe appeals the district court's denial of the parties' joint motion to seal an order denying a further reduction in sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

*UNITED STATES OF AMERICA v DOE  15-50344*

BYBEE, Circuit Judge, Dissenting

I respectfully dissent.  In denying the motion to seal the order, the district court did not abuse its discretion by applying the "[in]correct legal rule" or applying the legal standard in a way that was "(1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from facts in the record." *United States v. Hinkson*, 585 F.3d 1247, 1261–62 (9th Cir. 2009) (en banc) (citation omitted).

The district court stated both the common law standard from *Kamakana v. City & County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and the First Amendment test from *Oregonian Publishing Co. v. United States District Court for District of Oregon*, 920 F.2d 1462 (9th Cir. 1990), and therefore did not apply the incorrect legal rule.  Although the district court did not clearly separate its analysis of the First Amendment and common law rights regarding public access to judicial documents, the district court applied both tests and did not abuse its discretion.

The district court did not reach an outcome that was illogical, implausible, or without support in inferences that could be drawn from facts in the record.  The

1

district court rejected sealing the order because it believed there was not "any evidence that [Doe] has been threatened, harassed, or intimidated . . . even though the [person] against whom [Doe] agreed to testify is now in federal prison . . . , knows [Doe's] identify, and knows that [Doe] was willing to be a witness against [them]." The district court did not abuse its discretion when it found that Doe had failed to proffer evidence to substantiate Doe's claims and that any danger to Doe was "at best hypothetical and conjectural rather than real or actual."

The district court abused its discretion by applying the incorrect rule of law in denying the motion to seal the order. *See United States v. Hinkson*, 585 F.3d 1247, 1261–62 (9th Cir. 2009) (en banc) ("[T]he first step of our abuse of discretion test is to determine de novo whether the trial court identified the correct legal rule to apply to the relief requested. If the trial court failed to do so, we must conclude it abused its discretion."). Our precedent delineates two lines of analysis regarding public access to judicial documents. *U.S. v. Bus. of Custer Battlefield Museum & Store Located at Interstate 90, Exit 514, S. of Billings, Mont.*, 658 F.3d 1188, 1192 (9th Cir. 2011). First, there is "a common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). Second, there is "'a First Amendment right of access to criminal proceedings' and documents therein." *Id.* (quoting *Press-Enter. Co. v. Superior Court of Cal. for Cty. of Riverside*, 478 U.S. 1, 8 (1986)). The district court did not make clear under which analysis it proceeded, and it erroneously conflated the two tests. Under either standard, we conclude that Doe made the required showing to seal the order.

1.      To overcome the common law right of access to judicial records and documents, Doe must "articulat[e] compelling reasons . . . that outweigh the

general history of access and the public policies favoring disclosure." *Custer Battlefield*, 658 F.3d at 1195 (internal quotation marks omitted). Doe's personal safety is a "compelling reason[ ]," and Doe proffered evidence showing that Doe felt at risk of personal harm while imprisoned and that Doe's common-law spouse had been physically threatened during a pertinent time. The district court erroneously required Doe to specifically prove that Doe was "actually" in danger.

2. To overcome the First Amendment right of access, Doe must show that "(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest." *Oregonian Pub. Co. v. U.S. Dist. Court for Dist. of Or.*, 920 F.2d 1462, 1466 (9th Cir. 1990). Under the First Amendment's heightened standard, Doe was required to show a "substantial probability" of harm to Doe's safety.

The district court relied on its determination that the person against whom Doe agreed to cooperate was already aware of Doe's identity and that the information Doe sought to seal was already in the public domain. Neither justification survives close examination.

Any disclosure to the person against whom Doe agreed to testify was merely oral, not written, and was made pursuant to a protective order preventing further

3

dissemination of that information.  As Doe and the government emphasized repeatedly, in prison an essential difference exists between unsubstantiated claims that someone has cooperated with prosecutors and actual "paper" proof, in the form of official court filings, so confirming.  Persons who would retaliate against cooperators may refrain from harming or threatening a suspected cooperator absent "paper" confirmation, from courts, that the alleged cooperation took place.  That the person against whom Doe agreed to testify was made aware of Doe's identity does not alone justify denying the motion to seal where such disclosure was made orally, under a protective order, and could not be revealed without risking a finding of criminal contempt.

The district court further erred in finding that at the time it issued its order, the electronic public docket revealed the fact of Doe's cooperation to the general public.  As a practical matter, this information was not actually publicly available.  A non-party using Public Access to Court Electronic Records ("PACER") to unearth information about Doe's case might have found a document generically filed, under seal, as a "Sentencing Memorandum."  Only a party to the case would then be able to click on the document to access the title of the motion, which, to the knowledgeable user, would have alluded to the fact of Doe's cooperation.  But a non-party seeking information about Doe could not have gone so far; instead, he

4

would have had to physically travel to a courthouse and request the document there, whereupon he would have received a copy of a shell motion or order, blank except for the title of the motion. It is extremely unlikely that any prison inmate could have executed these steps. Thus it was simply not true, as a practical matter, that the fact of Doe's cooperation was already publicly available through PACER at the time the district court issued its order.

Finally, the district court disregarded evidence directly relevant to Doe's showing of a substantial probability of harm to Doe's safety. Doe's common law spouse was physically threatened shortly after Doe's arrest by persons Doe believes were motivated to prevent Doe's cooperation with the government. Although this incident was brought to the district court's attention in the hearings below, the district court did not address it in denying the motion to seal.

Our decision is consistent with the growing nationwide realization among courts and law enforcement offices that electronic filing has significantly increased the risk of harm cooperators face in prison. To that end, the Judicial Conference of the United States has asked courts to "consider avoiding the use of cooperators' names in your opinions and orders, whenever practicable, or to consider taking additional actions as you see fit, consistent with the law, to obscure cooperators' identities to ensure their safety." *Protecting Cooperation Information*,

Memorandum, Judicial Conference of the United States (Sept. 17, 2014). These circumstances demonstrate that the potential harms and risks that attend cooperating witnesses have changed dramatically in the decades since we decided *CBS, Inc. v. United States Dist. Court for Cent. Dist. of Cal.*, 765 F.2d 823 (9th Cir. 1985). Whether under the common law or the First Amendment, Doe has made a showing sufficient to justify non-disclosure. Accordingly, we order that the district court place under seal its order denying Doe a further sentencing reduction.

**REVERSED.**